UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

In re:

KET A. LAM, aka TONY LAM, d/b/a/ LAM'S MANDARIN, f/d/b/a, GRAND MANDARIN,

    Debtor,

---

FRANK'S QUALITY MEATS, INC.,

    Plaintiff,

    v.

KET A. LAM, aka TONY LAM,

    Defendant.

---

NO. CIV. S-07-1858 WBS DAD

(Bankruptcy Court No. 05-28088-C7)

(Adversary Proceeding No. 06-02194)

ORDER RE: MOTION FOR WITHDRAWAL OF REFERENCE AND CONSOLIDATION OF RELATED CASES

----oo0oo----

    Plaintiff Frank's Quality Meats, Inc., moves to withdrawal the reference of the above-captioned adversary proceeding to the bankruptcy court and for consolidation of this matter with district court case No. 07-1858.

I.    <u>Factual and Procedural Background</u>

    Defendant Ket A. Lam was the owner and in possession of

1

real property located at 3929 Berrendo Drive, Sacramento, California ("the Property"). (Compl. ¶ 13.) Defendant transferred the Property by grant deed to his brother, Calvin Lam, on or about August 19, 2004. (Id. ¶ 14.) This deed was recorded in the Sacramento Country Recorder's Office on September 2, 2004. (Id. ¶ 15.) Thereafter, defendant commenced a voluntary Chapter 11 bankruptcy proceeding in the bankruptcy court on July 1, 2005. (Cooper Decl. ¶ 3.) On November 10, 2005, the proceeding was converted into a Chapter 7 proceeding. (Id.)

Plaintiff, a purported creditor of defendant, contends that defendant transferred the Property to his brother for less than reasonable equivalent value so that plaintiff and other creditors could not realize the equity in the property to pay off defendant's debts. (Compl. ¶¶ 68-69). On May 1, 2006, plaintiff filed a complaint against defendant in bankruptcy court to determine non-dischargeability of judgment and objecting to discharge ("the Ket Lam action"). (Pls.' Mem. Supp. Mot. to Withdrawal 2.)

On September 7, 2006, the U.S. Trustee filed a complaint against Calvin Lam in bankruptcy court alleging that the transfer was made with "intent to hinder, delay or defraud all of [defendant's] then or future creditors" ("the Calvin Lam action"). (Compl. ¶ 17). On January 23, 2007, this court withdrew the Calvin Lam action's reference to bankruptcy court,[1]

---

[1] Because the U.S. Trustee declared that the allegations against Calvin Lam entitled him to a jury trial under the Seventh Amendment, this court withdrew the reference when Calvin Lam

2

and the case is now pending in district court. (Jan. 23, 2007 Order.) On June 29, 2007, the bankruptcy court authorized a sale of "property" by the U.S. Trustee to plaintiff that included "[a]ny and all claims, law suits, causes of action, or demands asserted or assertable by the bankruptcy estate of Ket Lam against Calvin Lam." (Bankr. Case No. 05-28088 (Docket No. 194).) Pursuant to the sale, plaintiff was substituted "in place of the Trustee as the Plaintiff in the [Calvin Lam action]." (Id.) Thus, plaintiff is now a party to the Calvin Lam action as well as the Ket Lam action.

On September 10, 2007, plaintiff filed this motion for withdrawal and consolidation in district court. Specifically, plaintiff contends that because similar issues of law and fact are present in both actions, the court should withdrawal the reference of the Ket Lam action to the bankruptcy court and therein consolidate it with the Calvin Lam action in district court.

II. Discussion

Under the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("the Act"), district courts have original jurisdiction over all cases arising under Title 11 of the Bankruptcy Code. In re Vicars Ins. Agency, Inc., 96 F.3d 949, 951 (7th Cir. 1996). However, the Act "allowed federal courts to 'refer' bankruptcy cases to the bankruptcy judges for the district automatically." Id.

Pursuant to the Act, this court promulgated General

---

refused to agree to a jury trial before a bankruptcy court. (Jan. 23, 2007 Order.)

3

Order No. 182, which automatically "refers to bankruptcy judges of this district all cases under Title 11, and all proceedings arising under Title 11 or arising in or related to cases under Title 11." Cal. R. of Ct. Fed., 273-75 (West Group ed., 2007). However, a district court "may withdraw, in whole or in part, any case or proceeding referred [to bankruptcy court] . . . for cause shown." 28 U.S.C. § 157(d). To determine whether cause exists for purposes of withdrawal, "a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Sec. Farms v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997). "The district court's decision whether cause justifies withdrawal is generally discretionary," In re Cinematronics, Inc. v. Elec. Sports Research, 916 F.2d 1444, 1451 (9th Cir. 1990) (citation omitted), and "the burden of persuasion is on the party seeking withdrawal." FTC v. First Alliance Mortgage Co., 282 B.R. 894, 902 (C.D. Cal. 2001) (citation omitted).

Plaintiff requests withdrawal of the reference based on its general assertion that the Ket Lam Action and the Calvin Lam action both involve the same nucleus of facts relating to the transfer of the Property by defendant to Calvin Lam. However, plaintiff overlooks the dissimilarity in legal issues associated with each action. The Calvin Lam action resides in the district court because it involves varied claims, at least one of which mandates a jury trial. In contrast, the Ket Lam action is based on claims for the determination of dischargability and objecting

4

to discharge--i.e., claims that Congress has unequivocally established are within the expertise of bankruptcy courts. See S. Rep. No. 91-1173, at 9 (1970); H.R. Rep. No. 91-1502, at 8 (1970) ("[A] single court, to wit, the bankruptcy court, will be able to pass upon the question of dischargeability of a particular claim and it will be able to develop an expertise in resolving the problem in particular cases.").

Significantly, plaintiffs suggest only one issue--the purported fraudulent transfer of the Property--that would be unnecessarily duplicated should the Ket Lam action remain separate from the Calvin Lam action.[2] As a tradeoff, all of the other extraneous bankruptcy issues related solely to the Ket Lam action would be needlessly channeled into the district court. Because the Ket Lam action has been pending in the bankruptcy court since May 1, 2006 (Bankr. Case No. 05-28088 (Docket No. 1).), the bankruptcy court is better equipped to dispose of the Ket Lam action and is far more knowledgeable about the parties' particular assertions than is this court. See CoreStates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 198 (3rd Cir. 1999) ("A bankruptcy judge is perfectly capable of recommending . . . judgment based on any theory, remedy, or relief, just as if the claim had been brought originally before a district court."); In re Pac. Gas & Elec. Co., 279 B.R. 561, 567 (Bankr. N.D. Cal. 2002) (finding that the debtor provided no compelling reason for the district court to "inject itself into the administration of

---

[2] At oral argument, plaintiffs further acknowledged that withdrawing the reference and therein consolidating the respective actions would probably save the court just one day during trial.

this case . . . when the bankruptcy court is perfectly capable and better equipped to do so") (quoting In re Dreis & Krump Manufacturing Co., 1995 U.S. Dist. LEXIS 1099 at *11-*12 (N.D. Ill. 1995)).

Indeed, the factors that the court should consider for permissive withdrawal, such as the efficient use of judicial resources and the delay and costs to the parties, additionally counsel against granting plaintiff's motion. Sec. Farms, 124 F.3d at 1008. If the reference is withdrawn, defendant would be required to observe and comply with new discovery deadlines and repeat all of his efforts to litigate the current proceeding. Such duplicative efforts would undoubtedly increase administrative expenses and thereby risk the possibility of depleting existing estate resources, resulting in a reduced or delayed recovery by unsecured creditors. Accordingly, the court will not exercise its discretion to grant permissive withdrawal under 28 U.S.C. § 157(d).[3]

IT IS THEREFORE ORDERED that plaintiff's motions for withdrawal of reference and for consolidation of proceedings be, and the same hereby are, DENIED.

DATED:  November 2, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3] Because the court denies plaintiff's motion to withdraw the reference, the motion for consolidation is also denied. Further, plaintiff's argument in support of consolidation suffers from the same defects inherent in its motion for withdrawal of the reference--namely that efficient use of judicial resources and the delay and costs to parties weigh in favor of defendant.

6